**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 97-5028

JOSEPH HERRMANN,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-95-199-H)

Submitted: July 31, 1998

Decided: September 2, 1998

Before MURNAGHAN, NIEMEYER, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, Edwin C. Walker,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Joseph Herrmann appeals the district court's revocation of supervised release imposed for aiding and abetting armed bank robbery. We affirm.

Herrmann contends that his twenty-four month sentence was unreasonable because the suggested guideline range for the violations was four to ten months and because the court failed to explain its reason for disregarding the suggested range. The record discloses, however, that the court noted Herrmann received a sentence reduction on his original sentence for substantial assistance and referred to it as Herrmann's "big break." The court further noted that although his original sentencing range was sixty-three to seventy-eight months, Herrmann received a thirty-six month sentence. These remarks establish that the court appropriately considered Herrmann's previous downward departure in determining the length of his revocation sentence. See USSG § 7B1.4, comment. (n.4).[1]

Herrmann also insists that his sentence was unreasonable because his most serious criminal conduct constituting a supervised release violation--credit card theft and fraud--was not the same type of conduct as his original offense or unusually heinous. We reject this contention, because in light of Herrmann's original lenient sentence and his other supervised release violations, we find the court was well within its discretion in choosing to deviate from the suggested guideline range.[2] See United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995).

_____
[1] U.S. Sentencing Guidelines Manual (1997).
[2] In addition to the credit card theft and fraud, the court found that Herrmann: (1) engaged in criminal conduct in communicating threats to his wife; (2) failed to notify his probation officer of his arrest on larceny charges; and (3) used controlled substances as evidenced by five urine samples which tested positive for cocaine and two urine specimens which tested positive for morphine.

2

We accordingly affirm Herrmann's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>